1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

12 STEPHEN GARCIA,                     )     1:10-cv-00489 MJS HC
                                      )
13            Petitioner,             )
                                      )
14       v.                           )     ORDER TO SHOW CAUSE WHY THE
                                      )     PETITION SHOULD NOT BE DISMISSED
15                                    )     FOR PETITIONER'S FAILURE TO
                                      )     EXHAUST STATE REMEDIES
16 COJO MOORE & ASSOC.,               )
                                      )
17            Respondent.             )
   _____   )
18

19 _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20 pursuant to 28 U.S.C. § 2254. The petition raises various claims challenging a December 12,

21 2008, conviction of the Fresno County Superior Court. (Pet. 2, ECF No. 1.)

22 **I.      DISCUSSION**

23        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

24 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

25 plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

26 Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

27 Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

28 Governing § 2254 Cases.

1    A petitioner who is in state custody and wishes to collaterally challenge his conviction

2 by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

3 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

4 court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman

5 v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo

6 v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state court

8 with a full and fair opportunity to consider each claim before presenting it to the federal court.

9 Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

10 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

11 state court was given a full and fair opportunity to hear a claim if the petitioner has presented

12 the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal

13 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

14    Additionally, the petitioner must have specifically told the state court that he was raising

15 a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

16 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

17 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

18 Supreme Court reiterated the rule as follows:

19          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
           exhaustion of state remedies requires that petitioners "fairly
20         present" federal claims to the state courts in order to give the
           State the "'opportunity to pass upon and correct' alleged violations
21         of the prisoners' federal rights" (some internal quotation marks
           omitted). If state courts are to be given the opportunity to correct
22         alleged violations of prisoners' federal rights, they must surely be
           alerted to the fact that the prisoners are asserting claims under the
23         United States Constitution. If a habeas petitioner wishes to claim
           that an evidentiary ruling at a state court trial denied him the due
24         process of law guaranteed by the Fourteenth Amendment, he
           must say so, not only in federal court, but in state court.
25
   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
26
           Our rule is that a state prisoner has not "fairly presented" (and
27         thus exhausted) his federal claims in state court unless he
           specifically indicated to that court that those claims were based on
28         federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th

Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the California Supreme Court.  Accordingly, this Court cannot determine if any of his claims have been exhausted.  If Petitioner has not presented his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

It is possible that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.  Petitioner will be given a further opportunity to, and will be ordered to, inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court and a copy of any ruling made by the California Supreme Court.

## II.  ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this order why the petition should not be dismissed for Petitioner's failure to exhaust state remedies and to inform the Court what claims, if any,  have been presented to the California Supreme Court.

///

///

///

Petitioner is forewarned that failure to follow this order will result in dismissal of the

Petition pursuant to Local Rule 110.




                              IT IS SO ORDERED.

          Dated:   July 16, 2010          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE