# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>      Petitioner,<br><br>  v.<br><br>COJO MOORE & ASSOC.,<br><br>      Respondent. | 1:10-cv-00489 MJS HC<br><br>ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER<br><br>[Doc. 7] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 18, 2010, Petitioner filed a petition for writ of habeas corpus. On July 19, 2010, the Court issued an order to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. (Order to Show Cause, ECF No. 6.) On August 3, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On August 5, 2010, the Court issued an order to show cause why the petition should not be dismissed for Petitioner's failure to Prosecute. (Order to Show Cause Regarding Failure to Prosecute, ECF No. 6.) The order required Petitioner to report his current address to the Court within sixty-three (63) of the service of the order. (Id.) On August 19, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.

///

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since March 18, 2010. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, the Court hereby orders that this action be dismissed without prejudice for Petitioner's failure to prosecute.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   October 22, 2010                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE